

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2002

# Williams v. Consovoy

Precedential or Non-Precedential: Precedential

Docket No. 02-1587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Williams v. Consovoy" (2002). *2002 Decisions.* Paper 807.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/807

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

                IN THE UNITED STATES COURT OF APPEALS
                       FOR THE THIRD CIRCUIT

                              - - -

JOHN C. WILLIAMS,                 :  NOS. 02-1587/1648
        Appellant                 :
                                  :
                                  :
            v.                    :  Philadelphia, Pennsylvania
                                  :  November 5, 2002
ANDREW CONSOVOY; ROLANDO          :
GOMEZ-RIVERA; RACHEL TORRES-      :
CHOWANIEC; RUBY WASHINGTON;       :
DON E. GIBBONS;                   :
KEVIN MAHONEY; NEW JERSEY         :
STATE PAROLE BOARD,               :
        Appellees                 :
                                  :
                                  :
Rachel Torres-Chowaniec;          :
Ruby Washington,                  :
        Appellants No. 02-1587 :
. . . . . . . . . . . . . . . . . .
JOHN C. WILLIAMS,                 :
        Appellant No. 02-1648     :
                                  :
                                  :
            v.                    :
                                  :
ANDREW B. CONSOVOY; ROLANDO       :
GOMEZ-RIVERA; RACHEL TORRES-      :
CHOWANIEC; RUBY J.                :
WASHINGTON; DON E. GIBBONS;       :
KEVIN MAHONEY; NEW JERSEY         :
STATE PAROLE BOARD,               :
        Appellees                 :
. . . . . . . . . . . . . . . .

                       BENCH OPINION
           BEFORE THE HONORABLE EDWARD R. BECKER
               CHIEF JUDGE OF THE THIRD CIRCUIT
               THE HONORABLE THEODORE A. McKEE
   )                SENIOR CIRCUIT JUDGE
                 THE HONORABLE JAMES C. HILL
                    SENIOR CIRCUIT JUDGE

                              - - -

APPEARANCES:

For the Appellants/  GREGORY A. SPELLMEYER, ESQUIRE
Cross Appellees:     Office of Attorney General of New Jersey
                     P.O. Box 112
                     Richard J. Hughes Justice Complex
                     Trenton, NJ   08625

APPEARANCES:   (Continued)

For the Appellee/         STEPHEN M. LATIMER, ESQUIRE
Cross Appellant:          Loughlin & Latimer
                          131 Main Street, Suite 235
                          Hackensack, NJ     07601

                          - - -

Transcribed by:      Tracey J. Williams, CET

(Proceedings recorded by electronic sound recording;
transcript provided by AAERT-certified transcriber.)

                          - - -

(The following is the bench opinion of the Court in the above-captioned matter:)

THE HONORABLE JUDGE BECKER:   I have communicated during the course of argument with my colleagues on the panel and I am now prepared to announce the judgment of the Court.

With respect to the direct appeal, we note that the matters which Mr. Williams alleges were administrative acts in fact are adjudicative, that do clearly merit immunity: Ordering a psychological profile, failing to check into Williams's prior criminal record before relying on it, and failing for eight months to correct Williams's lack of criminal record before revoking parole.  We are satisfied that each of these acts are judicial in character and fall within *Clearinger v.Saxner*, 474 U.S. 193 (1985).

And our case law, and I'll supply citations when I finalize this, which mandate that Torres-Chowaniec, T-o-r-r-e-s-C-h-o-w-a-n-i-e-c, and Washington are entitled to

immunity with respect to those claims. Accordingly, we will reverse the judgment of the District Court and direct it to grant summary judgment for Torres and Washington on those new claims.

With respect to the cross appeal, we are satisfied that we have no jurisdiction over the cross appeal. There is no 54(b) certification here. The only alleged jurisdiction over the cross appeal is pendent appellate jurisdiction and

4

we find that the Heck v. Humphrey issues raised by the cross appeal are not inextricably intertwined with the issues I have just described. In National Union Fire Insurance, we stated that pendent appellate jurisdiction over an otherwise unappealable order is available only to the extent necessary to ensure meaningful review of an appealable order. As Mr. Latimer honorably conceded during the argument, that is not the case here; we don't need to reach those vexing issues in order to decide the issues on the direct appeal.

I also note that we have Consovoy and Gibbons, claims against whom are alive in the District Court. So there is no final order in the District Court that would justify jurisdiction over what I describe as the Heck v. Humphrey claims, that is the claims against Consovoy and Rivera. And of course in Consovoy the case is very much alive. There was no judgment with respect to Consovoy in the District Court because he had not yet appeared, and neither has anything happened with respect to Gibbons. However, it should be for consolation to Mr. Williams that his case remains alive in

the District Court and, who knows, the Supreme Court may do something on the Heck v. Humphrey issues to clarify what is a really a Delphic situation at best in terms of the jurisprudence.

So, we will enter an order dismissing the cross appeal for lack of appellate jurisdiction. This constitutes the opinion and judgment of the Court.

Judge McKee, do you have anything to add?

THE HONORABLE JUDGE McKEE: No.

JUDGE BECKER: Judge Hill?

THE HONORABLE JUDGE HILL: Nothing.

JUDGE BECKER: Very well. And the Clerk will arrange for a transcription of this bench opinion.

And we thank counsel for their able arguments and the panel will take a five-minute recess.

(Bench opinion concluded.)

* * *